Hawai'i 330, 350 n.38, 372 P.3d 1065, 1085 n.38 (2015) (rejecting the argument that counsel would not benefit an individual deciding whether to submit to alcohol concentration testing and reasoning that "an important function of counsel is to explain to a client the choices that may be presented and ramifications that may flow from the election of one course of action as opposed to another"); see also id. at 369 n.17, 372 P.3d at 1104 n.17 (Nakayama, J., dissenting) (agreeing that counsel "may be of value" to an individual deciding whether to submit to alcohol concentration testing).

However, because Scalera failed to prove by a preponderance of the evidence a connection between the violation of HRS § 803-9 and his subsequent refusal to submit to alcohol concentration testing, the district court did not err in denying his motion to suppress, nor did the ICA err in affirming the district court's ruling.

## IV. CONCLUSION

Both the district court and the ICA in this case incorrectly concluded that the statutory right to access counsel under HRS § 803-9 is only implicated by an interrogation following arrest. The protections afforded by the statute do not depend on whether an interrogation has occurred. Rather, an arrestee may not be preemptively refused the opportunity to see, send a message, or otherwise communicate with counsel as provided by HRS § 803-9. The reading of the implied consent form in this case, which included a misleading advisement on Scalera's right to access an attorney, both implicated and infringed on the statute. As a result, Scalera's statutory right to access counsel under HRS § 803-9 was violated. The district court erred in concluding otherwise, and the ICA erred in affirming this determination. However, Scalera failed to meet his burden of showing that the

violation of HRS § 803-9 affected his decision to refuse alcohol concentration testing. See Edwards, 96 Hawai'i at 239, 30 P.3d at 253. Thus, the district court did not err in denying Scalera's motion to suppress, and the ICA did not err in affirming the district court judgment.

Based on the foregoing, the ICA's Judgment on Appeal is affirmed for the reasons set forth in this opinion.

393 P.3d 1022

**STATE of Hawai'i, Plaintiff-Appellee,**

v.

**Theodore Kawika KAOHU, Jr., Defendant-Appellant**

**NO. CAAP-15-0000473**

Intermediate Court of Appeals of Hawai'i.

APRIL 28, 2017

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT (CRIMINAL NO. 11-1-1756)

MEMORANDUM OPINION

Affirmed.

---

difficult for most people under the best of circumstances." State v. Senn, 882 N.W.2d 1, 49 (Iowa 2016) (Wiggins, J., dissenting).

> To make the right decision, an individual suspected of [operating a motor vehicle while intoxicated] must quickly consider not only what the State can prove and what the likely penalty will be, but also what the future consequences might be for his or her occupation,

family, and personal wellbeing. The decision is final, and it will determine both the range of criminal penalties the individual will face and the charge that will appear on his or her permanent criminal record. In these respects, the decision to submit or refuse to submit to a chemical test resembles the decision to plead to criminal charges.

Id.